UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

WESTERN DIVISION

| | |
|---|---|
| WILLIAM BLACKBURN,<br><br>    Plaintiff,<br><br>    v.<br><br>MICHAEL J. ASTRUE,<br>Commissioner of Social Security,<br><br>    Defendant. | No. EDCV 06-01219 AGR<br><br>MEMORANDUM OPINION AND ORDER |

    Plaintiff William Blackburn ("Blackburn") filed a Complaint on November 9, 2006. On March 19, 2007, the case was transferred to Magistrate Judge Alicia G. Rosenberg. Pursuant to 28 U.S.C. § 636(c), the parties filed Consents to proceed before Magistrate Judge Rosenberg on March 27 and 29, 2007. The parties filed a Joint Stipulation on September 10, 2007 that addresses the disputed issues in the case. The Commissioner filed the certified administrative record ("AR"). The Court has taken the Joint Stipulation under submission without oral argument.

    Having reviewed the entire file, the Court affirms the decision of the Commissioner.

///

///

# I.

# **PROCEDURAL BACKGROUND**

On July 25, 2003, Blackburn filed an application for Supplemental Security Income benefits. A.R. 52-59. The Commissioner denied the applications initially and upon reconsideration. A.R. 33-36, 39-43. Blackburn requested a hearing. A.R. 46-47. The Administrative Law Judge ("ALJ") conducted a hearing on February 10, 2005. A.R. 229-248. On July 11, 2005, the ALJ issued a decision denying benefits. A.R. 15-22. The ALJ concluded that Blackburn "has not been under a disability as defined in the Social Security Act at any time through the date of this decision." *Id.* at 18.

Blackburn filed a request for review of the ALJ decision. A.R. 9. On October 27, 2006, the Appeals Council denied the request for review. A.R. 5-8. This lawsuit followed.

# II.

# **STANDARD OF REVIEW**

Pursuant to 42 U.S.C. § 405(g), this Court has authority to review the Commissioner's decision to deny benefits. The decision will be disturbed only if it is not supported by substantial evidence or it is based upon the application of improper legal standards. *Moncada v. Chater*, 60 F.3d 521, 523 (9th Cir. 1995); *Drouin v. Sullivan*, 966 F.2d 1255, 1257 (9th Cir. 1992).

In this context, "substantial evidence" means "more than a mere scintilla but less than a preponderance – it is such relevant evidence that a reasonable mind might accept as adequate to support the conclusion." *Moncada*, 60 F.3d at 523. When determining whether substantial evidence exists to support the Commissioner's decision, the Court examines the administrative record as a whole, considering adverse as well as supporting evidence. *Drouin*, 966 F.2d at 1257. Where the evidence is susceptible to more than one rational interpretation, the Court must defer to the decision of the Commissioner. *Moncada*, 60 F.3d at 523.

## III.

## EVALUATION OF DISABILITY

"A person qualifies as disabled, and thereby eligible for such benefits, 'only if his physical or mental impairment or impairments are of such severity that he is not only unable to do his previous work but cannot, considering his age, education, and work experience, engage in any other kind of substantial gainful work which exists in the national economy.'" *Barnhart v. Thomas*, 540 U.S. 20, 21-22, 124 S. Ct. 376, 157 L. Ed. 2d 333 (2003) (citation omitted).

The ALJ found that Blackburn has "hepatitis C and hypertension." A.R. 21. Blackburn has the residual functional capacity to "perform the full range of medium work." A.R. 22. "There are no limitations resulting from any mental impairment." *Id.* Blackburn's RFC for medium work "is substantially intact and has not been compromised by any nonexertional limitations." *Id.* The ALJ concluded that Blackburn is not disabled. *Id.*

Blackburn argues that the ALJ erred in ignoring the opinion of an examining physician, Dr. Asuncion.

### A.   The ALJ's Residual Functional Capacity Determination

The Residual Functional Capacity (RFC) determination measures the claimant's capacity to engage in basic work activities. *Bowen v. New York*, 476 U.S. 467, 471, 106 S. Ct. 2022, 90 L. Ed. 2d 462 (1986). The RFC assessment is a determination of "the most [an individual] can still do despite [his or her] limitations." 20 C.F.R. § 404.1545(a). It is an administrative finding, not a medical opinion. 20 C.F.R. § 404.1527(e)(2). The RFC takes into account both exertional limitations and non-exertional limitations. "When there is conflicting medical evidence, the Secretary must determine credibility and resolve the conflict." *Thomas v. Barnhart,* 278 F.3d 947, 956-57 (9th Cir. 2002) (citation omitted).

The ALJ discussed, and incorporated into Blackburn's RFC assessment, the opinions of the consulting examining physicians. A.R. 19. Blackburn was examined by

3

1  two physicians, Dr. Asuncion in March 2004 (A.R. 129-132) and Dr. Ella-Tamayo in
2  April 2005 (A.R. 179-188).
3        Blackburn does not appear to dispute that it is within the ALJ's province to
4  resolve conflicting evidence from examining physicians. *Thomas*, 278 F.3d at 956-57.
5  Nor does Blackburn appear to dispute that the opinion of an examining physician, Dr.
6  Ella-Tamayo, based on independent clinical findings may be substantial evidence
7  supporting the ALJ's decision. *Andrews v. Shalala*, 53 F.3d 1035, 1041 (9th Cir. 1995).
8  However, Blackburn argues that the ALJ was required to set forth specific and
9  legitimate reasons based on substantial evidence in the record for rejecting the
10 conflicting RFC assessment of examining physician Dr. Asuncion. *See Lester v.*
11 *Chater*, 81 F.3d 821, 830-31 (9th Cir. 1995).
12       Blackburn argues that it is impossible to discern the basis on which the ALJ
13 resolved the conflicting evidence. However, the ALJ stated that he conducted "a
14 thorough analysis of all the evidence including an analysis of the claimant's pain
15 symptoms under the Regulations." A.R. 21; *see* Social Security Ruling (SSR) 96-8p
16 ("RFC assessment must be based on *all* of the relevant evidence in the case record")
17 (emphasis in original). As the ALJ noted, the two physical exams were essentially
18 normal. A.R. 20. Dr. Ella-Tamayo's functional assessment in April 2005 expressly
19 considered Dr. Asuncion's previous report in March 2004, as well as additional medical
20 records not reviewed by Dr. Asuncion. A.R. 179-180, 184; *compare* A.R. 129. Taking
21 into account all of the findings, Dr. Ella-Tamayo opined that Blackburn "is restricted in
22 pushing, pulling, lifting, and carrying to about 50 pounds occasionally, and about 25
23 pounds frequently." A.R. 184. Sitting was unrestricted, and standing/walking was
24 limited to 6 hours out of an 8-hour workday with normal breaks. There were no postural
25 restrictions. *Id.*; *see* A.R. 19-20.
26       As the more recent opinion that took into account Dr. Asuncion's findings a year
27 earlier and her own examination, Dr. Ella-Tamayo's opinion was entitled to greater
28 weight. *See Lester*, 81 F.3d at 833. The ALJ was not required to be more explicit. As

the Ninth Circuit succinctly stated in *Magallanes*: "It is true that the ALJ did not recite the magic words, 'I reject Dr. Fox's opinion about the onset date because . . . .' But our cases do not require such an incantation. As a reviewing court, we are not deprived of our faculties for drawing specific and legitimate inferences from the ALJ's opinion."[1] *Magallanes v. Bowen*, 881 F.2d 747, 755 (9th Cir. 1989). For this reason, any error would be immaterial and harmless. *Stout v. Commissioner*, 454 F.3d 1050, 1055 (9th Cir. 2005). "A decision of the ALJ will not be reversed for errors that are harmless." *Burch v. Barnhart*, 400 F.3d 676, 679 (9th Cir. 2005).

**B.  Step Five Analysis**

At Step Five of the sequential analysis, the Commissioner bears the burden of demonstrating that there is other work in "significant numbers" in the national economy that the claimant can do. *Lounsburry v. Barnhart*, 468 F.3d 1111, 1114 (9th Cir. 2006). If the Commissioner satisfies this burden, the claimant is not disabled and not entitled to disability benefits. If the Commissioner cannot meet this burden, the claimant is "disabled" and entitled to disability benefits. *Id.*

Blackburn's argument that the ALJ's reliance on the grids was in error was based solely on the assumption that Dr. Asuncion's opinion should have been accepted. Given that the Court has rejected Blackburn's predicate, Blackburn's argument at Step Five is also rejected.

---

[1]  Blackburn's citation to *Lewin v. Schweiker*, 654 F.2d 631, 634 (9th Cir. 1981), is not to the contrary. In *Lewin*, the ALJ failed to make required findings as to the claimant's credibility. *Thomas*, 278 F.3d at 958 ("[T]he ALJ must make a credibility determination with findings sufficiently specific to permit the court to conclude that the ALJ did not arbitrarily discredit claimant's testimony."). That rule is not at issue in this case.

## IV.

## **CONCLUSION**

IT IS HEREBY ORDERED that the decision of the Commissioner is affirmed.

IT IS FURTHER ORDERED that the Clerk of the Court serve copies of this Order and the Judgment herein on all parties or their counsel.

DATED: October 19, 2007

ALICIA G. ROSENBERG
UNITED STATES MAGISTRATE JUDGE